**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>JOHN J. HOPKINS, III,<br><br>                  Debtor. | Civil Action No. 22-4318 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on pro se Appellant John J. Hopkins, III's ("Hopkins") Motion to Stay (ECF No. 6) filed in his appeal (Notice of Appeal, ECF No. 1) from the Bankruptcy Court's Order (the "Disqualification Order") (Bankr. ECF No. 55).[1] The Disqualification Order disqualified Hopkins from serving as counsel to the Decedent Estate of Lois Ginley Hopkins ("Hopkins Estate") and to the Lois Hopkins Family Trust (the "Trust"). (*Id.*) Hopkins filed the instant Motion to Stay as well as a brief opposing the Disqualification Order. (ECF No. 7.) Andrea Dobin ("Dobin"), the Chapter 7 Trustee duly appointed to oversee and administer Hopkins's Chapter 7 case, opposed both Hopkins's appeal (ECF No. 9) and his motion for relief from the Disqualification Order (ECF No. 8). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court lacks appellate jurisdiction and dismisses the appeal in its entirety.

**I.    BACKGROUND**

      On March 4, 2022, Hopkins filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. (Appellee's Opp'n Br. 4, ECF No. 9.) Hopkins played several roles in his bankruptcy: (1) debtor; (2) Executor for the

---

[1] Docket entries from the bankruptcy proceeding—*In re John J. Hopkins, III*, No. 22-11747 (Bankr. D.N.J.)—are designated as "Bankr. ECF No."

Hopkins Estate; (3) beneficiary of the Hopkins Estate; (4) Trustee of the Trust; and (5) beneficiary of the Trust. (*Id.*) The Hopkins Estate and the Trust are both creditors in Hopkins's bankruptcy. (*See id.* 5-6.) Because of the inherent conflict of these positions, and due to discrepancies in the information Hopkins provided to Dobin related to claims of the Hopkins Estate and the Trust, Dobin moved to disqualify Hopkins as counsel for both the Hopkins Estate and the Trust. (Bankr. ECF No. 36.) The Bankruptcy Court granted the motion. (Bankr. ECF No. 55.) Hopkins appealed the Disqualification Order without seeking leave to file the appeal. (*See* Notice of Appeal.)

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals: (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees. 28 U.S.C. § 158(a). For interlocutory appeals requiring "leave of the court," the "court" is the relevant district court. *In re Bertoli*, 812 F.2d 136, 139 (3d Cir. 1987) ("[W]e conclude that Congress meant leave of the district court."). District courts lack jurisdiction over any appeal outside of these confines. *In re White View, Inc.*, 841 F.2d 524, 525 (3d Cir. 1988) ("[Section 158] govern[s] appellate jurisdiction in bankruptcy cases . . . .").

Finality of an order is considered more broadly in bankruptcy appeals than in standard civil practice and should be interpreted "pragmatically." *Id.* at 526; *compare Walsh Trucking Co., Inc. v. Ins. Co. of N. A.*, 838 F.2d 698, 701 (3d Cir. 1988) (order expunging a creditor's claim is final), *with In re Jeannette Corp.*, 832 F.2d 43, 46 (3d Cir. 1987) (order finding the debtor's attorneys subject to sanctions but not determining the amount or form of the penalty is not final). Despite this relaxed approach, however, piecemeal litigation is still discouraged. *In re White View, Inc.*, 841 F.2d at 526.

2

### III. **DISCUSSION**

Hopkins appealed from the Disqualification Order (Notice of Appeal), and the Disqualification Order is an interlocutory order. *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 434 (1985) ("We do not think that the delay resulting from the occasionally erroneous disqualification outweighs the delay that would result from allowing piecemeal appeal of every order disqualifying counsel."); *see also Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984) (finding that disqualification orders are appropriately reviewable upon final judgment).

Because the Disqualification Order is an interlocutory order, Hopkins must seek leave of the Court for the Court to have jurisdiction over the appeal. 28 U.S.C. § 158(a)(3); *see In re White*, 841 F.3d at 527 ("Having determined that the order of the bankruptcy judge was interlocutory, we recognize that if it had granted leave for appeal, the district court would have had jurisdiction. The record, however, does not reveal any district court order allowing an appeal or any request by the [debtor]."); *see also In re Caterbone*, 279 F. App'x 161, 162 (3d Cir. 2008) (dismissing a pro se debtor's appeal for lack of jurisdiction). While the advisory committee notes on the leave requirement in Bankruptcy Rule 8003 suggest that a district court may grant leave to appeal exclusively on the papers (Bankr. R. 8003, advisory committee's note to subdivision (c)), the Third Circuit has cautioned against that approach. *See In re White*, 841 F.2d at 527 ("We are not inclined, however, to approve such a practice. The statute specifically demands leave, and litigants who wish to benefit from that statutory provision should abide by its requirements.").

Hopkins did not move for leave of the Court to file his appeal. The Court, therefore, does not have jurisdiction over the appeal, and it must, accordingly, be dismissed.

IV.     **CONCLUSION**

The Court dismisses the appeal for lack of jurisdiction.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**